**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**IN RE:  SADIE B. PEREZ,**          :          **CHAPTER 13**
**Debtor**

:          **BANKRUPTCY NO. 18-10107**

**ORDER**

AND NOW, this        day of June, 2018, upon consideration of the Motion of Wilmington Savings Fund Society, FSB, etc. ("WSFS") for relief from automatic stay in this case, and the Debtor's Answer thereto, it is hereby ORDERED that the Motion is **DENIED.**

_____
J.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:  SADIE B. PEREZ,              :         CHAPTER 13
       Debtor

                                           :         **BANKRUPTCY NO.  18-10107**

**DEBTOR'S ANSWER TO MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, etc.  ("WSFS") FOR RELIEF FROM THE AUTOMATIC STAY, WITH AFFIRMATIVE DEFENSES**

1. The allegations of paragraphs 1, 2, 4, and 5 of the Motion are admitted.

2. The allegations of all of the remaining paragraphs are denied or denied as stated and strict proof of same is demanded at any hearing.

**AFFIRMATIVE DEFENSES**

3. The Debtor has in fact submitted payments on her mortgage after the filing of her bankruptcy case, although she was uncertain of the name of the alleged holder of the mortgage or ita address, or its address, and therefore she is uncertain whether same were received.

4. The Debtor is therefore unable to admit or deny that the Movant is the owner or servicer of the Mortgage on the Debtor's property at issue.  She is not familiar with the Movant as the holder or servicer of her mortgage, Therefore, proof of standing of the Movant to maintain this Motion on behalf of the mortgagor of the property is demanded. .

5. The Debtor alleges that the value of the secured real estate at issue of the mortgaged real estate at issue is considerably more than the balance allegedly due on the mortgage and, as a result, the interests of the Movant

        in the property secured are adequately protected by an equity cushion, which is not eroding due to the Debtor's payments.

5.     Assuming arguendo that the Movant has in fact failed to make payments totaling $670.83 to the Movant, as alleged in the Motion, it is not reasonable for the Movant to demand fees and costs of $$1031.00 to

        collect such a small delinquency, especially when there is no evidence that the Movant engaged in any efforts to contact the Debtor or her counsel to ascertain why payments were not made.

6.     The Debtor is now aware of the Movant's demands, and would like an opportunity to amicably resolve her future modest payment obligations with her mortgagee on this property.

    WHEREFORE, the Debtor requests that this court deny the Motion or, in the alternative, condition the future automatic stay on certain conditions.

Dated: May 25, 2018                                       Attorney for Debtor

                                                      _____
                                                      /s/DAVID A. SCHOLL
                                                      512 Hoffman Street
                                                      Philadelphia, PA.  19148
                                                      610-550-1765