United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 18-10107-elf
Sadie B. Perez                                                      Chapter 13
Sadie B. Perez
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: John              Page 1 of 1              Date Rcvd: Jun 13, 2018
                              Form ID: pdf900         Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 15, 2018.
db           +Sadie B. Perez,   5243 Westford Road,   Philadelphia, PA 19120-3618
db           +Sadie B. Perez,   MAILING ADDRESS,   6013 Walnut Street,   Philadelphia, PA 19139-3713
cr           +WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRIST,    Robertson, Anschutz & Schneid, P. L.,
               6409 Congress Avenue, suite 100,   Boca Raton, FL 33487-2853
14044866     +MIDFIRST BANK,   c/o REBECCA ANN SOLARZ,   KML Law Group, P.C.,   710 Market Street, Suite 5000,
               Philadelphia, PA 19106-2312
14076277     +MidFirst Bank,   999 NorthWest Grand Boulevard,   Oklahoma City, OK 73118-6051
14042608      Midfirst Mortgage,   PO Box 26806,   Oklahoma City, OK 73126-8806

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: megan.harper@phila.gov Jun 14 2018 01:46:30     City of Philadelphia,
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 14 2018 01:46:11
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 14 2018 01:46:28    U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2018                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 13, 2018 at the address(es) listed below:
              DAVID A. SCHOLL    on behalf of Debtor Sadie B. Perez judgescholl@gmail.com
              KEVIN G. MCDONALD    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST bkgroup@kmllawgroup.com
              KEVIN M. BUTTERY    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST kbuttery@rascrane.com
              KEVIN W. LYNCH    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST kwlynch@comcast.net
              REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A
               CHRISTINA TRUST bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sadie B. Perez<br>_Debtor_ | CHAPTER 13 |
| MIDFIRST BANK<br>_Movant_<br>vs.<br>Sadie B. Perez<br>_Debtor_<br>William C. Miller Esq.<br>_Trustee_ | NO. 18-10107 ELF<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,107.96,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2018 to May 2018 at $739.66/month |
| Late Charges: | February 2018 to May 2018 at $29.58/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$4,107.96** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,107.96.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,107.96** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due June 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $739.66 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 29, 2018                          By: /s/ Rebecca A. Solarz, Esquire
                                              Rebecca A. Solarz, Esquire
                                              KML Law Group, P.C.

Date:_____                  _____
                                              David A. Scholl, Esquire
                                              Attorney for Debtor

Date:_____                  _____
                                              William C. Miller
                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

                                              _____
                                              Bankruptcy Judge
                                              Eric L. Frank

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 29, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
KML Law Group, P.C.

Date: 6/3/18

David A. Scholl, Esquire
Attorney for Debtor

Date: _____

William C. Miller
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

**O R D E R**

Approved by the Court this 12th day of June, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank