United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-10107-elf
Sadie B. Perez                                                            Chapter 13
Sadie B. Perez
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2            User: John                Page 1 of 1            Date Rcvd: Oct 18, 2018
                                Form ID: pdf900           Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 20, 2018.
db          +Sadie B. Perez,    5243 Westford Road,    Philadelphia, PA 19120-3618
db          +Sadie B. Perez,    MAILING ADDRESS,    6013 Walnut Street,    Philadelphia, PA 19139-3713
cr          +WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRIST,    Robertson, Anschutz & Schneid, P. L.,
              6409 Congress Avenue, suite 100,   Boca Raton, FL 33487-2853
14092264     WILMINGTON SAVINGS FUND SOCIETY, FSB,    dba CHRISTINA TRUST,    c/o KEVIN W. LYNCH,
              1240 N. Myrtlewood St.,    Philadelphia, PA 19121-4515
14086881    +WILMINGTON SAVINGS FUND SOCIETY, FSB,    D/B/A CHRISTINA TRUST,    c/o REBECCA ANN SOLARZ,
              710 Market Street, Suite 5000,   Philadelphia, PA 19106-2312
14042607     Wilmington Savings Fund Society,    Robertson Anschutz PC,    6409 Congress Ave,
              Boca Raton, FL 33487-2853
14075306    +Wilmington Savings Fund Society, FSB,    c/o Fay Servicing, LLC,    3000 Kellway Dr., Suite 150,
              Carrollton, TX 75006-3357

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Oct 19 2018 02:30:14     City of Philadelphia,
              City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 19 2018 02:29:46
              Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 19 2018 02:29:59     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
cr           E-mail/Text: megan.harper@phila.gov Oct 19 2018 02:30:14     City of Philadelphia,
              City of Philadelphia Law Department,    c/o Joshua Domer,    1401 JFK Blvd. 5th Floor,
              Philadelphia, PA  19102
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2018                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 18, 2018 at the address(es) listed below:
              AUTHERINE B. SMITH    on behalf of Debtor Sadie B. Perez absmith256@gmail.com
              DAVID A. SCHOLL    on behalf of Debtor Sadie B. Perez judgescholl@gmail.com
              JOSHUA DOMER    on behalf of Creditor   City of Philadelphia joshua.domer@phila.gov,
               karena.blaylock@phila.gov
              KEVIN G. MCDONALD    on behalf of Creditor   WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST bkgroup@kmllawgroup.com
              KEVIN M. BUTTERY    on behalf of Creditor   WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST kbuttery@rascrane.com
              KEVIN W. LYNCH    on behalf of Creditor   WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA
               TRUST kwlynch@comcast.net
              REBECCA ANN SOLARZ    on behalf of Creditor   MIDFIRST BANK bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor   WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A
               CHRISTINA TRUST bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sadie B. Perez <br>       Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT <br>       Movant <br> vs. | NO. 18-10107 ELF |
| Sadie B. Perez <br>       Debtor <br><br> Kenneth J. Barnes  Co-Debtor <br><br> William C. Miller Esq. <br>       Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

  1.  The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$904.38**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 1, 2018 to September 1, 2018 at $309.82/month |
| Suspense Balance: | $25.08 |
| **Total Post-Petition Arrears** | **$904.38** |

  2.  The Debtor shall cure said arrearages in the following manner:

  a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$904.38.**

  b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$904.38** along with the pre-petition arrears;

  c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

  3.  Beginning with the payment due October 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $309.82 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.


Date:    September 21, 2018             By: */s/ Kevin G. McDonald*
                                             Kevin G. McDonald, Esquire



Date:_____             _____
                                          David A. Scholl, Esquire
                                          Attorney for Debtor



Date:_____             _____
                                          William C. Miller
                                          Chapter 13 Trustee

ORDER

Approved by the Court this __18th__ day of _____October_____, 2018.  However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sadie B. Perez <br>               Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT <br>               Movant <br> vs. | NO. 18-10107 ELF |
| Sadie B. Perez <br>               Debtor <br> Kenneth J. Barnes    Co-Debtor <br> William C. Miller Esq. <br>               Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is $904.38, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | July 1, 2018 to September 1, 2018 at $309.82/month |
| Suspense Balance: | $25.08 |
| **Total Post-Petition Arrears** | **$904.38** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $904.38.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $904.38 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $309.82 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 24, 2018         By: /s/ Kevin G. McDonald
                                 Kevin G. McDonald, Esquire

Date:_____             _____
                                 David A. Scholl, Esquire
                                 Attorney for Debtor

Date: 10/15/18                   LeRoy Etheridge
                                 William C. Miller       NO OBJECTION
                                 Chapter 13 Trustee      *without prejudice to any
                                                         trustee rights or remedies.