**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**
**SADIE B. PEREZ,**                                            **: CHAPTER 13**
**Debtor**

                                                       **: BANKRUPTCY NO. 18-10107**

**ORDER**

AND NOW, this _____ day of November, 2018, upon consideration of the Objections of the Debtor to the Certification of Midfirst Bank ("Midfirst"), of Default of the Stipulation approved by this court on June 12, 2018, to resolve the Motion of Midfirst for relief from the automatic stay, it is hereby ORDERED that the Objection is SUSTAINED and the entry of any Order granting Midfirst relief is **DENIED.**

_____
J.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
SADIE B. PEREZ,                                              : CHAPTER 13
Debtor

                                                              : BANKRUPTCY NO. 18-10107

**DEBTOR'S OBJECTIONS TO CERTIFICATION OF DEFAULT OF STIPULATION WHICH RESOLVED THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY MIDFIRST BANK ("Midfirst")**

1. On April 11, 2018, Midfirst filed a Motion for relief from the automatic stay in reference to the Debtor's home at 5243 Westford Road, Philadelphia, PA. 19120.

2. On April 14, 2018, the Debtor filed an Answer to the Motion.

3. On June 12, 2018, this court approved a Stipulation which resolved the Motion.

4  On August 29, 2018, counsel for Midland directed a letter to the Debtor and counsel alleging that the Debtor had not made payments due under the Stipulation in July and August, 2018.

5..On September 6, 2018, counsel for the Debtor responded to this letter, stating that the Debtor had made at least one of these payments but that the other payment may have been remitted to an incorrect address and requesting a current payment history.

6. On September 18, 2018, counsel for Midfirst replied to this letter by providing a payment history which stated that a payment was in fact made in July, 2018.

7. No further communication was received by the Debtor or her counsel prior to the filing of the Certification of Default.

8. The Debtor is ready, willing, and able to make all payments due under the Stipulation, but she needs to be certain what payments are due, and to what

    address payments are required to be made.

    9.  Under these circumstances, relief ought not to be granted to Midfirst without a hearing.

WHEREFORE, the Debtor requests that the Objection to the Certification of Default be scheduled for hearing and that no relief should be granted to Midfirst unless the Debtor is found in default and fails to cure same within a reasonable time.

Dated: October 22, 2018                                            Attorney for Debtor

                                                                    /s/DAVID A. SCHOLL
                                                                  512 Hoffman Street
                                                                  Philadelphia, PA.  19148
                                                                  610-550-1765