**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**L.B.F. 3015.1-1**

In re:                                              Case No. 18-10107
Sadie B. Perez
                                                    Chapter: 13

**CHAPTER 13 PLAN**

___
x___ Third Amended Plan
Date:_10-26-18

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

**Part 1:**   **Bankruptcy Rule 3015.1 Disclosures**
   __x__  Plan contains non-standard or additional provisions-see Part 9.
   _____  Plan limits the amount of secured claim(s) based on value of collateral
   _____  Plan avoids security interest or lien

**Part 2:**   **Payment and Length of Plan**
   **Section 2(a)(1)  Initial Plan:**
   **Total Base Amount** to be paid to the Chapter 13 Trustee("Trustee")$9000
   Debtor shall pay the Trustee $250 per month for 36 months; and
   Debtor shall pay the Trustee $_____per month for_____months.
   Other changes in the scheduled plan payment are set forth in Section 2(d).

   **Section(a)(2)Amended Plan:**

**Total Base Amount** to be paid to the Chapter 13 Trustee("Trustee") is $9000
The Plan payments by Debtor shall consists of the total amount previously paid ($2250) Added to the new monthly Plan payments in the amount of $ 250/month, beginning_November, 2018, for 27 months.
Other changes in the scheduled plan payments are set forth in Section 2(d)

**Section 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages(Describe source, amount and date when funds are available, if known): Self-employment, Rent, and Pension

**Section 2(c)**    Use of real property to satisfy plan obligations:
_____ Sale of real property
See Section 7(c) below for detailed description

**Section 2 (d)**   Other information that may be important relating to the payment and length of Plan:

**Part 3:  Priority Claims (including Administrative Expenses & Debtor's Counsel Fees)**
**Section 3(a) Except as provided in Section 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| **David A. Scholl, Esq.** | Administrative | $4000 |
|  |  |  |

**Section 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

\_\_\_\_x\_\_\_   None. If "None" is checked, the rest of Section 3(b) need not be completed.

_____     The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in Section 2(a) be for a term of 60 months; see 11 U.S.C. Section 1322(a)(4).

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

_____

**Part 4. Secured Claims**

**Section 4(a) Curing Default and Maintaining Payments**

___x_____ If "None" is checked, the rest of Section 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

_____

| Creditor | Description of Secured Property and Address, if real Property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| | | | | | |

_____

**Section 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim**

__x_____ None. If "None" is checked, the rest of Section 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. Section 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

_____

| Name of Creditor | Description of Secured Property And Address, if Real Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| | | | | | |

_____

**Section 4(c)  Allowed claims to be paid in full that are excluded from 11 U.S.C. Section 506**

__x____ **None.**  If "None" is checked, the rest of Section 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2)incurred within 1 year of the petition date and secured by a purchase money security in any other thing of value.

(1)The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2)In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. Section 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and the amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value | Est. total payments |
|---|---|---|---|---|
| _____ | _____ | _____ | _____% | $_____ |
| _____ | _____ | _____ | _____% | $_____ |

**Section 4(d)Surrender**

__x___ **None.**  If "None" is checked, the rest of Section 4(d) need not be completed.

(1)Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2)The automatic stay under 11 U.S.C. Section 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3)The Trustee shall make no payments to the creditors listed below on their secured claims.

_____
Creditor                                              Secured Property

_____

**Part 5.  Unsecured Claims**
**Section 5 (a) Specifically Classified Allowed Unsecured Non-Priority Claims**

_x____**None.**  If "None" is checked, the rest of Section 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to to be paid |
|---|---|---|---|---|
| | | | | |

**Section 5(b) All Other Timely Filed, Allowed General Unsecured Claims**

(1)Liquidation test(check one box)

___x___   All Debtor(s) property is claimed as exempt.

_____   Debtor(s) has non-exempt property valued at $_____for purposes of Section 1325(a)(4)

**(2)Funding:  Section 5(b)claims to be paid as follows(check one box)**
__x____   Pro rata

_____   100%

_____   Other (Describe)


**Part 6.  Executory Contracts & Unexpired Leases**

_____   **None.**  If "None" is checked, the rest of Section 6 need not be completed.

| **Creditor** | **Nature of Contract Lease** | **Treatment by Debtor Pursuant to 365(b)** |
|---|---|---|
| John | Lease of 1st Fl., 6013 Walnut St., Phila. 19139 | Assume |

**Part 7. Other Provisions**

**Section 7(a) General Principles Applicable to the Plan**

(1) Vesting of Property of the Estate(check one box
\_\_\_\_\_x\_\_\_\_\_ Upon confirmation
_____ Upon discharge

(2) **Unless** otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4, or 5 of the Plan.

(3) **Post-petition contractual** payments under Section 1322(b)(5) and adequate protection payments under Section 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) **If Debtor is successful** in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**Section 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.
(2) Apply the post petition monthly mortgage payments made by the Debtor to the post petition mortgage obligations as provided for by the terms of the underlying mortgage note.
(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.
(4) If the secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**Section 7(c) Sale of Real Property**

___x_____ **None.**  If "None" is checked, the rest of Section 7 © need not be completed.

(1) Closing for the sale of _____(the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under Section 4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marked for sale in the following manner and on the following terms:

_____

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all section 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S. C Section 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadlie:

**Section 7(d) Loan Modification**

_____ **None.**  If "None" is checked, the rest of 7(d) need **not be completed.**

(1)Debtor shall pursue a loan modification directly with Midfirst Bank & WSFS or their successors in Interest or its current servicer ("Mortgage Lenders"), in an effort to bring the loans current and resolve the secured arrearage claim

(2)During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $ 750/month & $316/month per month, which represents the regular monthly payments . Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)If the modifications are not approved by December 31, 2018, Debtor shall either (A)file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B)Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

**Part 8.  Order of Distribution**

**The order of distribution of Plan payments will be as follows:**
**Level 1:  Trustee Commissions***
**Level 2:  Domestic Support Obligations**
**Level 3:  Adequate Protection Payments**
**Level 4:  Debtors attorney's fees**
**Level 5:  Priority claims, pro rata**
**Level 6:  Secured claims, pro rata**
**Level 7:  Specially classified unsecured claims**
**Level 8:  General unsecured claims**
**Level 9:  Untimely filed, allowed general unsecured claims**

**Part 9.  Non Standard or Additional Plan Provisions**

_____  None. If "None" is checked, the rest of Section 9 need not be completed.

**If the loan modification requests to Midfirst Bank ("Midfirst") and Wilmington Savings Fund Society ("WSFS") are not approved, the Debtor shall pay post-petition arrears of not less than $4107.96 to Midfirst; and not less than $904.36 to WSFS.**

_____

**Part 10. Signatures**

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan.  Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked.  Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID.  By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:  10-26-18                                              /s/  David A. Scholl, Esquire
                                                             Attorney for Debtor(s)


If Debtor(s) are unrepresented, they must sign below.

Date: _____        _____

                                             Debtor

Date: _____        _____

                                             Joint Debtor